UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MAIGA HRALIMA,

    *Petitioner*,

vs.

JIM BENEDETTI, *et al.*

    *Respondents*.

3:08-cv-00287-ECR-RAM

ORDER

This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee appears to have been paid.[1]

The petitioner filed an earlier habeas petition challenging the same July 16, 2003, Nevada state court conviction for attempted murder with the use of a deadly weapon, in No. 3:08-cv-00214-ECR-RAM. That first-filed action still is pending. While petitioner maintained that the petition in the first action arose under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, his claims challenged the validity of the July 16, 2003, judgment of conviction.[2]

---

[1] A notation was made with #1 that no filing fee or application to proceed *in forma pauperis* was received with the petition. However, the petition itself carries a stamp reflecting that the $5.00 filing fee was paid. The Court will assume that the notation with #1 is a clerical error.

[2] As noted by the Court in #9 in the prior action, petitioner would be required to proceed under Section 2254 in the prior matter even if his claims did not challenge the validity of the conviction itself. The Court's point here - in applying the first-filed rule – is that both petitions in fact challenge the judgment of conviction, as opposed to one of the petitions challenging some other matter pertaining to the petitioner's custody.

1     In the present action, it appears likely that petitioner intended to file the present petition in a new action rather than in the first-filed action. He refers to the petition in the prior case in asserting that the present petition is not his first federal petition. See #1-2, at 2. In all events, however, the Court will dismiss this second-filed action in favor of the first-filed action challenging the same judgment of conviction, which also is pending before the undersigned.

    Petitioner may wish to consider that if he abandons the earlier-filed petition to pursue a later-filed petition in a different action, the timeliness of the later petition could well be determined by the filing date of the later-filed petition rather than the filing date of his earlier petition. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(an earlier federal petition does not toll the federal limitation period with regard to a later federal petition). The Court expresses no final opinion herein as to any timeliness issue.

    The present action therefore will be dismissed. Petitioner still must comply with this Court's May 28, 2008, order (#9) in No. 3:08-cv-00214-ECR-RAM to file an amended petition. Petitioner must clearly label that pleading as an amended petition, and he must put the docket number of that case on the pleading. Moreover, only the claims asserted in the amended petition will remain before the Court in that action. If petitioner fails to fully and timely comply with the order to file an amended petition in that case, that action will be dismissed without further advance notice. The filing of the petition in the present second-filed action does not constitute compliance with the order (#9) in the first-filed action. The second-filed petition is dismissed, and petitioner still must file an amended petition in the first-filed action.

    IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and further that this action shall be DISMISSED without prejudice in favor of the first-filed action in No. 3:08-cv-00214-ECR-RAM. The Clerk shall enter final judgment accordingly, which shall close this second-filed action. The Clerk shall send petitioner a copy of his papers from this action.

DATED: June 2, 2008

                                                       */s/ Edward C. Reed*
                                              EDWARD C. REED
                                              United States District Judge